IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| AUSTIN SELLARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:23-cv-00884 |
| | ) | |
| SHERIFF DEPARTMENT DICKSON COUNTY, et al., | ) | JUDGE RICHARDSON |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Austin Sellars, an inmate of the Rutherford County Adult Detention Center proceeding pro se, has filed a Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 4.) Plaintiff has also filed a supplemental statement of the facts underlying his Complaint. (Doc. No. 5.)

The case is before the Court for ruling on Plaintiff's IFP application and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee, that application (Doc. No. 4) is **GRANTED,** and a $350 filing fee is **ASSESSED**. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average

monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

A. LEGAL STANDARD

The Court must conduct an initial review and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also id.* § 1915(e)(2) (requiring dismissal "at any time" such determination is made in a case filed IFP). Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally

construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed this action under § 1983, which allows a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. Accordingly, the Complaint must plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

B. ALLEGATIONS AND CLAIMS

This suit arises from the conditions of Plaintiff's prior confinement in the Dickson County Jail, where he was briefly housed as a convicted misdemeanant. (*See* Doc. No. 1 at 4.) Plaintiff sues the Dickson County Sheriff's Department, Southern Health Partners, Nurse Kim, and Nurse Cystal, seeking a "settlement" for constitutional violations he alleges to have occurred in August of 2023. (*Id.* at 2–3, 5–7.) He alleges that he made a request on August 8, 2023, for the psychiatric medications he listed on intake to the Jail, but that the nurse responded that the two medications he listed on intake were not given in the Dickson County Jail because they are addictive and could be shared with other inmates. (Doc. No. 1 at 6; Doc. No. 5 at 1–2.) Plaintiff filed a grievance over this response that same day and asserts in this Court that he needed the medications, which are non-narcotic, and that he had been able to obtain them at other jails in the past. (Doc. No. 1 at 6,

9–10; Doc. No. 5 at 1.) Plaintiff also complains that he was subsequently denied access to "law-books Volume 7 and 7A," which he needed to research the legal grounds for filing a claim over the denial of his medications. (Doc. No. 1 at 7; Doc. No. 5 at 2.) When he asked about these volumes, a correctional officer told him they were on the kiosk, but that was not true. (*Id.*) Plaintiff claims that the reason for the absence of these volumes is "so inmates don't know how to deal with certain situations." (Doc. No. 1 at 7.)

C. ANALYSIS

To begin with, the case cannot proceed against the Dickson County Sheriff's Department. "Although municipal corporations and other 'bodies politic and corporate' may be sued under Section 1983, a sheriff's department is not a body politic or an entity that is considered a 'person' . . . under Section 1983." *Timms v. Tucker*, No. 3:11-1109, 2012 WL 2008599, at *2 (M.D. Tenn. June 5, 2012), *report and recommendation adopted*, 2012 WL 2872053 (M.D. Tenn. July 12, 2012) (quoting *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997)); *accord Campbell v. Cheatham Cnty. Sheriff's Dep't*, 511 F. Supp. 3d 809, 824–25 & n.12 (M.D. Tenn. 2021) (dismissing § 1983 claim and noting that sheriff's departments "are not proper parties to a § 1983 suit"), *aff'd*, 47 F.4th 468 (6th Cir. 2022). Accordingly, the Dickson County Sheriff's Department is not a suable entity under § 1983.

Plaintiff fails to state a colorable constitutional claim against the remaining Defendants. The Court construes his claim related to his medications as a claim of deliberate indifference to serious medical needs. Such a claim, when asserted by a convicted inmate, arises under the Eighth Amendment. To plausibly claim an Eighth Amendment violation in this context, Plaintiff must allege that: (1) he had a sufficiently serious medical need, and (2) a defendant acted with deliberate indifference to that need in withholding or delaying medical care. *Harrison v. Ash*, 539 F.3d 510,

518 (6th Cir. 2008). As to the first requirement, "[a] serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004)).

Plaintiff's allegation that he had previously been given the requested medications in other jails allows the reasonable inference that he had a prescription for those medications at some point. However, he alleges that he made his medication request on August 8, 2023, and that it was denied shortly thereafter. (Doc. No. 1 at 6.) The Complaint was signed only nine days later, on August 17, 2023, and mailed along with a cover letter informing the Court that Plaintiff's "sentence in Dickson Co Jail has been finished" and he was "being transfer[red] to Rutherford Co Jail Saturday Aug. 19, 2023." In view of this short timeline and, more importantly, because Plaintiff does not allege that he experienced any symptoms or other consequences as a result of his psychiatric medications being withheld for a matter of days in the Dickson County Jail, the Court finds that he has failed to allege a sufficiently serious medical need to which Southern Health Partners, Nurse Kim, and Nurse Cystal failed to attend. His Eighth Amendment claim must therefore be dismissed.

Liberally construed, Plaintiff's claim that he was denied access to law books is a claim implicating his First Amendment right to access the courts. The right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the concern is with "a right of access *to the courts*, not necessarily to a prison law library." *Walker v. Mintzes*, 771 F.2d 920, 932 (1985) (emphasis in original); *see also Lewis v. Casey*, 518 U.S. 343, 350 (1996) (noting that *Bounds* did not establish a right to a law library). To establish a claim that the jail has interfered

with his right of access to the courts, Plaintiff must show actual injury to a nonfrivolous claim. *Lewis*, 518 U.S. at 353–55. He has failed to show such injury, as the denial of "law-books 7 and 7A" clearly did not impact his ability to quickly file grievances or this lawsuit in response to the denial of his medications. And even if Plaintiff could plausibly allege interference with his access to courts, it does not appear that he could not sustain such a claim against Southern Health Partners or the two Nurse Defendants (none of which have been adequately alleged, or are reasonably inferable, to have had anything to do with the availability of library materials or lack thereof). Nor can the claim proceed against the Dickson County Sheriff's Department, as discussed above. Even if an access-to-courts claim were liberally construed to be asserted against Dickson County, it would fail for lack of an identified policy or custom of the County that could be said to be the "moving force" behind the deprivation of law books. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012) ("To plead a claim for municipal liability under § 1983, Plaintiff must plausibly allege that his or her constitutional rights were violated and that a policy or custom of [the municipality] was the 'moving force' behind the deprivation of Plaintiff's rights.") (Citing *Miller v. Sanilac County*, 606 F.3d 240, 254–55 (6th Cir. 2010)). This claim also must be dismissed.

### III. CONCLUSION

For the above reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE